UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KARIN WALCZAK, ) | |
|       PLAINTIFF, ) | |
| ) | **No.** |
| v. ) | **JURY DEMANDED** |
| ) | |
| AMERICAN EXPRESS GLOBAL ) | |
| BUSINESS TRAVEL d/b/a GBT US LLC, ) | |
|       DEFENDANT. ) | |

## COMPLAINT

NOW COMES, Plaintiff KARIN WALCZAK ("Plaintiff"), by and through her attorneys, Kreitman Law, LLC, complaining of Defendant, AMERICAN EXPRES GLOBAL BUSINESS TRAVEL d/b/a GBT US LLC ("Defendant") and states as follows:

### PARTIES

1. Plaintiff is a resident of this judicial district in the state of Illinois.

2. Plaintiff's race/color is White.

3. At all times material to this Complaint, Defendant had actual and/or constructive knowledge of Plaintiff's race/color.

4. At all times material to this Complaint, Defendant is a Delaware Corporation that provided travel management services and maintained an office located at 510 W Washington Street, Bloomington, IL 61701.

### JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, which confers upon the Court original jurisdiction over all civil action arising under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. This Court is the proper venue of the Plaintiff's claims as a substantial part of the events or omissions giving rise to the claims occurred in the State of Illinois and the Northern District of Illinois.

7. On December 16, 2021, Plaintiff timely initiated a charge of discrimination due to her White race in hiring arising from Defendant's refusal to hire her for the position of Director of Multi-National Sales with the Equal Employment Opportunity Commission. This Charge was acknowledged and filed with the EEOC and the Illinois Department of Human Rights on March 22, 2022. Defendant did not respond to the EEOC's request for a position statement, nor did it provide evidence to the EEOC during the investigation.

8. On May 4, 2022, the EEOC dismissed Plaintiff's charge and issue a Notice of Right to Sue letter. Plaintiff has exhausted her administrative remedies and has timely filed this instant lawsuit within 90 days of receipt of this Notice of Right to Sue letter.

**FACTS**

9. At all times material to this Complaint, Defendant had 500 or more employees.

10. In June of 2021, following the George Floyd protests, Defendant began its flagship Anti-Racism Initiative training module, with the hiring department encouraging employees to "learn about covert white supremacy" (in the words of Ibram X. Kendi) and dedicate themselves "to the lifelong task of overcoming our country's racist heritage."

11. The initiative subjected employees to an extensive training program based on the core tenets of critical race theory, including "systemic racism," "white privilege," and "intersectionality"—a component of critical race theory that reduces individuals to a collection of racial, gender, and sexual identities, which determine whether an individual is an oppressor or one of the oppressed.

12. Employees were encouraged to listen to the Beyond Prisons podcast, which advocates prison abolition. Employees are also directed to a series of articles that promises to "force white people to see and understand how white supremacy permeates their lives," to demonstrate that white children become racist before they can speak, and to persuade employees that Congress should pass legislation for race-based reparations payments.

13. In a foundational session, an outside consulting firm called Paradigm trained AmEx employees to deconstruct their own intersectional identities, mapping their "race, sexual orientation, body type, religion, disability status, age, gender identity, [and] citizenship" onto an official company worksheet. After employees categorize their identities, they can determine whether they have "privilege" or whether they are a member of a "marginalized group" that is "underrepresented, stigmatized, or otherwise undervalued in society." Thus, employees can judge their position on the intersectional hierarchy—presumably with white employees in the oppressor position, and racial and sexual minorities in the oppressed position.

14. The trainers provided a blue flowchart with specific rules for interacting with black employees: if a member of a subordinate group is present, employees should practice "intersectional allyship" and defer to them before speaking. In another handout, the instructions for white employees are even more explicit: "identify the privileges or advantages you have"; "don't speak over members of the Black and African-American community"; "it's not about your intent, it's about the impact you have on your colleague." Even common phrases are subjected to race-based regulation: white employees are told not to utter phrases such as "I don't see color," "we are all human beings," and "everyone can succeed in this society if they work hard enough," which are categorized as "microaggressions" against their black colleagues.

15. Following this corporate roll-out of anti-white critical race theory trainings, on or about July 15, 2021, Plaintiff applied for the position of Director, Multi-National Sales with the Defendant.

16. The same day, Defendant acknowledged receipt of Plaintiff's application.

17. Shortly thereafter, Defendant visited Plaintiff's "LinkedIn" profile, which featured Plaintiff's photograph showing that she was White.

18. Plaintiff was eminently qualified for the position of Director, Multi-National Sales with Defendant.

19. Plaintiff had 19 years of experience with American Airlines in a similar position, and 18 years of experience in a similar with Gray's Travel Management.

20. Plaintiff was not even granted an interview for the position of Director, Multi-National Sales with Defendant because she was White.

21. Upon information and belief, Defendant granted an interview and hired a non-white applicant.

22. As a result of Defendant's discriminatory refusal to hire, Plaintiff sustained lost wages, emotional distress, and has incurred attorney's fees and costs in this matter.

**COUNT I**
**Plaintiff v. Defendant**
**Disparate Treatment (Race) in Violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e,** *et seq.*

1-22. Plaintiff realleges and incorporates by reference all preceding Paragraphs of this Complaint, as if fully set forth herein this Paragraph of Count I of this Complaint.

23. At all times material to this Complaint, Defendant was an "employer" within the meaning of 42 U.S.C. § 2000(b).

24. At some point following July 15, 2021, Defendant refused to consider Plaintiff's application for the Director, Multi-National Sales because of her race, White.

25. Upon information and belief, Defendant hired interviewed and hired a non-White applicant.

26. The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of her race, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-2(a).

27. At all times relevant to this action, Defendant had a duty under Title VII to refrain from discriminating against Plaintiff based on her race in the consideration of her application for employment.

28. The discriminatory actions by Defendant, through its management, agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

29. Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

30. The actions of Defendant in intentionally engaging in and condoning discrimination based on race and color, have caused Plaintiff mental anguish, humiliation, emotional distress, lost compensation and benefits, future pecuniary losses, and other consequential damage.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Judgement against Defendant for Plaintiff in an amount sufficient to fully compensate Plaintiff for all personal damages sustained, including but not limited to full compensation for her emotional distress, mental anguish, humiliation and loss of reputation;

b. Judgement against Defendant for Plaintiff in an amount sufficient to fully compensate Plaintiff for all pecuniary damages sustained, including but not limited to front pay, back pay, lost income and benefits

c. Judgement against Defendant for Plaintiff for punitive damages;

d. Judgement against Defendant for Plaintiff for the reasonable attorney's fees and costs incurred by Plaintiff prosecuting this action;

e. Judgement against Defendant for Plaintiff for pre-judgment and post-judgment interest at the highest rate permitted by law; and

f. Any and all other relief that this Honorable Court may deem just and equitable.

## COUNT II
**Plaintiff v. Defendant**
**Disparate Treatment (Race) in Violation of Illinois Human Rights Act 775 ILCS 5,** *et al.*

1-22. Plaintiff realleges and incorporates by reference all preceding Paragraphs of this Complaint, as if fully set forth herein this Paragraph of Count II of this Complaint.

23. At all times material to this Complaint, Defendant was an "employer" within the meaning of 775 ILCS 5/2-101(B).

24. At some point following July 15, 2021, Defendant refused to consider Plaintiff's application for the Director, Multi-National Sales because of her race, White.

25. Upon information and belief, Defendant hired interviewed and hired a non-White applicant.

26. The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of her race, in violation of the Illinois Human Rights Act 775 ILCS 5/2-102(A).

27. At all times relevant to this action, Defendant had a duty under IHRA to refrain from discriminating against Plaintiff based on her race in its consideration of her application for employment.

28. The discriminatory actions by Defendant, through its management, agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

29. Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of IHRA and any alleged reasons to the contrary are pretextual.

30. The actions of Defendant in intentionally engaging in and condoning discrimination based on race and color, have caused Plaintiff mental anguish, humiliation, emotional distress, lost compensation and benefits, future pecuniary losses, and other consequential damage.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

   a. Judgement against Defendant for Plaintiff in an amount sufficient to fully compensate Plaintiff for all personal damages sustained, including but not limited to full compensation for her emotional distress, mental anguish, humiliation and loss of reputation;

  b. Judgement against Defendant for Plaintiff in an amount sufficient to fully compensate Plaintiff for all pecuniary damages sustained, including but not limited to front pay, back pay, lost income and benefits

  c. Judgement against Defendant for Plaintiff for the reasonable attorney's fees and costs incurred by Plaintiff prosecuting this action;

  d. Judgement against Defendant for Plaintiff for pre-judgment and post-judgment interest at the highest rate permitted by law; and

  e. Any and all other relief that this Honorable Court may deem just and equitable.

## COUNT III
### Plaintiff v. Defendant
### Disparate Treatment (Race/Color) in Violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981

 1-22. Plaintiff realleges and incorporates by reference all preceding Paragraphs of this Complaint, as if fully set forth herein this Paragraph of Count III of this Complaint.

 23. At some point following July 15, 2021, Defendant refused to consider Plaintiff's application for the Director, Multi-National Sales because of her race, White.

 24. Upon information and belief, Defendant hired interviewed and hired a non-White applicant.

 25. The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of her race, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 and 1981(a).

26. At all times relevant to this action, Defendant had a duty under Section 1981 to refrain from discriminating against Plaintiff based on her race in its consideration of her application for employment.

27. The discriminatory actions by Defendant, through its management, agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

28. Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Section 1981 and any alleged reasons to the contrary are pretextual.

29. By reason of Defendant's discriminatory employment practices based upon race and color, Plaintiff has experienced emotional distress, humiliation, mental anguish, loss of compensation and employment, and as such, is entitled to all legal and equitable remedies available under the Civil Rights Act of 1866.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Judgement against Defendant for Plaintiff in an amount sufficient to fully compensate Plaintiff for all non-pecuniary damages sustained, including but not limited to full compensation for her emotional distress, mental anguish, humiliation and loss of reputation;

b. Judgement against Defendant for Plaintiff in an amount sufficient to fully compensate Plaintiff for all pecuniary damages sustained, including but not limited to front pay, back pay, lost income and benefits

c. Judgement against Defendant for Plaintiff for punitive damages;

    d.  Judgement against Defendant for Plaintiff for the reasonable attorney's fees and costs incurred by Plaintiff prosecuting this action;

    e.  Judgement against Defendant for Plaintiff for pre-judgment and post-judgment interest at the highest rate permitted by law; and

    f.  Any and all other relief that this Honorable Court may deem just and equitable.

Respectfully submitted,

                                            By: __/s/ Nicholas Kreitman, Esq.
                                                    Nicholas Kreitman, Esq.
                                                      Plaintiff's Attorney

Nicholas Kreitman, Esq.
#6313283
Kreitman Law, LLC
22 West Washington St., 15th Floor
Chicago, IL 60602
(847) 970-0575
njk@kreitmanlaw.com